Cathy Ownbey

FILED
C2017-0702A
4/24/2017 10:58:48 AM
Heather N. Kellar
Comal County
District Clerk

C2017-0702A

CAUSE NO. _____

**IN THE DISTRICT COURT**

| | | |
|---|---|---|
| AUSTEN LACKEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | **COMAL COUNTY, TEXAS** |
| | § | |
| v. | § | |
| | § | |
| AUSTIN DEMENT AND | § | |
| CRST EXPEDITED, INC. | § | |
| | § | ____ JUDICIAL DISTRICT |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Plaintiff Austen Lackey complains of Austin Dement and CRST Expedited, Inc. (collectively as "Defendants"), and would respectfully show the Court that:

### Discovery Control Plan

1.     Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2.     The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Comal County, Texas.

### Statement Regarding Monetary Relief Sought

3.     Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled.   Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

1

EXHIBIT A

## Parties

4.     Plaintiff Austen Lackey is an individual residing in Comal County, Texas.

5.     Defendant Austin Dement is an individual residing in Harrison County, Mississippi. Defendant Dement may be served at his residence at, 10365 Gorenflo #222, D'Iberville, Mississippi 39546 or wherever he may be found. Defendant CRST Expedited, Inc. ("CRST") is a Texas corporation engaged in business in Comal County, Texas. Defendant CRST may be served with process by serving its registered agent, National Corporate Research, Ltd., at 1601 Elm St., Suite 4360, Dallas, Texas 75201.

## Facts

6.     This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about March 29, 2017.  At that time, Plaintiff was traveling southwest on I-35 frontage road at the 4200 block of loop 337 in Comal County, Texas.  Defendant Dement was traveling to the left of the Plaintiff, driving a vehicle owned by Defendant CRST, when he made a right hand turn in front of the Plaintiff.  As a result of Defendant's negligence and/or negligence *per se*, he collided with the Plaintiff's vehicle.

7.     Defendant's aforementioned conduct constitutes negligence and/or negligence *per se* for one or more of the following reasons:

   a.  Failed to control vehicle's speed;

   b.  Failed to operate the vehicle safely;

   c.  Failed to keep a proper lookout;

   d.  Failed to timely apply brakes;

   e.  Failed to take proper evasive action;

   f.  Failed to maintain a safe distance;

2

  g. Violated applicable, local, state and federal laws and/or regulations; and

  h. Other acts so deemed negligent.

8. At all times material hereto, Defendant Dement was acting in the course and scope of his employment for Defendant CRST.  Consequently, Defendant CRST is responsible for the acts and/or omissions of Defendant Dement under the doctrine of *respondeat superior*.  Plaintiff further pleads that Defendant CRST was negligent and/or negligent *per se* for one or more of the following reasons:

  a. Negligently entrusted a motor vehicle to an incompetent driver;

  b. Negligently hired and/or retained employees;

  c. Negligently trained and/or supervised employees;

  d. Failed to maintain the vehicle in a reasonably safe condition;

  e. Violated applicable, local, state and federal laws and/or regulations; and

  f. Other acts so deemed negligent.

### Damages

9. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

10. By virtue of the actions and conduct of the Defendants set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

  a. Past and future medical expenses;

  b. Past and future pain, suffering and mental anguish;

  c. Past and future physical impairment;

  d. Past and future physical disfigurement;

  e. Past lost wages and future loss of earning capacity; and

  f. Property damage and loss of use damages.

12.     By reason of the above, Plaintiff is entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court, as well as pre- and post-judgment interest.

## Jury Demand

13.     Plaintiff hereby demands a trial by jury.

## Request for Disclosure to Defendants

14.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l). Defendants are instructed to answer separately.

## Other Discovery

15.     Plaintiff refers Defendants to the attached Request for Admissions, Interrogatories and Request for Production and notifies Defendants that a response is required within 50 days of service of these requests. Defendants are instructed to answer separately.

## Rule 193.7 Notice

16.     Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Prayer

Plaintiff prays that these citations issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants jointly and severally in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, and all such other and further relief, to which he may be justly entitled.

4

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Chase Barker*
Chase Barker
Texas State Bar No. 24101484
John Arthur Daspit
Texas State Bar No. 24048906
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**



DASPIT LAW FIRM

440 Louisiana, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
www.daspitlaw.com

## AUTHORIZATION TO RELEASE CELLULAR AND/OR MESSAGING RECORDS

**Account Holder Name:** _____

**Service Provider:** _____

**Telephone Number(s):** _____

_____

    I hereby authorize you to release to the **DASPIT LAW FIRM, 440 LOUISIANA STREET, SUITE 1400, HOUSTON, TEXAS 77002**, a representative thereof, or a court reporting service presenting an original or photocopy; hereof, all information relative to the above-referenced telephone number(s) including, but not limited to, all invoices showing incoming and outgoing calls, text messages, instant messages, and records of payments.

    This authorization shall remain in effect until written notice is given revoking this authorization.

_____

Signature of Account Holder                      Date

SUBSCRIBED AND SWORN before me on this _____ day of _____, 2017,

by _____.

_____
Notary Public in and for the State of Texas

6

CAUSE NO. _____

| | | |
|---|---|---|
| AUSTEN LACKEY | § | IN THE DISTRICT COURT OF |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | COMAL COUNTY, TEXAS |
| | § | |
| AUSTIN DEMENT AND | § | |
| CRST EXPEDITED, INC. | § | |
| | § | |
|     Defendants. | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANT AUSTIN DEMENT**

**TO:** *Austin Dement, 10365 Gorenflo #222, D'Iberville, Mississippi 39546.*

Plaintiff Austen Lackey, requests that Defendant answer the following discovery. This request is made pursuant to the Texas Rules of Civil Procedure. You must reply within fifty (50) days after your receipt of this request at the office of the undersigned attorney. Defendant must produce all documents which are in the possession, custody or control of Defendant. Such documents are to be produced as they are kept in the usual course of business, or Defendant shall organize and label such documents to correspond with the category of the Requests. The documents and things requested are attached hereto.

Please take NOTICE that Plaintiff intends to use all documents produced by Defendant in trial of this cause and therefore requests that Defendant assert any objection to the authenticity of any document Defendant produces within ten days of its production.

1

## DEFINITIONS

1.       "You" or "your" or "Defendant" means the party to which these interrogatories are propounded, and includes, but is not limited to, any agents, employees, representatives or attorneys for said party.

2.       "Identify" or "identity" when referring (a) to a person, means to state a present or last known address, telephone number, title or position and place of employment; (b) to document, means if a legible copy of the document is not provided with your answer, a complete description of the document referred to, including its title, if it has any, the date it was prepared, the name of the person who prepared it, and the identity of the person or persons who have custody of, control over or access to it; (c) to any other matter, means to give a reasonable, detailed description thereof, including, if applicable, for a tangible matter: when, where and how it was made, and to identify who has made it or who has present or last known possession, control or custody thereof; (d) if referring to other lawsuits or other actions of any type in any court, means separately for each such action, the identity of all parties, the court and cause number, the date on which such action was initiated, the identity of the opposing attorneys, the outcome of the case, including the description of any judgment or any other relief granted in each such action, and if a civil action, the nature of the cause of action.

3.       "Document" and "documents" is to be defined as synonymous in meaning and equal in scope to the usage of this term in the TEXAS RULES OF CIVIL PROCEDURE and shall be used in their broadest sense and shall mean and include all written, printed, typed, electronic, recorded or graphic material of every kind and description, both originals and copies and all attachments and appendices thereto.  Without limiting the foregoing, the term "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, facsimiles, telexes, minutes, messages, memoranda, interoffice communication, e-mail, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bill or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.  The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions

2

different from the original need not be separately produced. A DRAFT OR NON-IDENTICAL COPY IS A SEPARATE DOCUMENT WITHIN THE MEANING OF THIS TERM.

<u>Electronic Data Directive</u>: Pursuant to the TEXAS RULES OF CIVIL PROCEDURE, all electronic data responsive to the requests below shall be provided via CD, DVD, or Floppy Disk in user readable format (.txt or similar file types), or as otherwise agreed in a supplemental writing by the parties.

4.      "Document" and "documents" shall mean and include all matter within the foregoing description that are in your possession, control or custody or in the possession, control or custody of any attorney for you or the existence of which you are aware and that you have access to or to which you can secure access. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

5.      "Collision," "incident," "accident," or "occurrence" means the incidents and events described in Plaintiff's Original Petition.

6.      "Your vehicle" refers to the vehicle you were operating at the time of the collision made the basis of this lawsuit.

7.      "Plaintiff" means Austen Lackey.

## INTERROGATORIES TO DEFENDANT AUSTIN DEMENT

1. Please identify each person you expect to call as a witness in the trial of this matter. Include address, telephone number, employer, date of birth and Texas Driver's license for each person identified.

   ANSWER:

2. If you contend that the Plaintiff's injuries and damages were caused in part or in whole by the Plaintiff's own negligence, please state every act or omission of the Plaintiff which supports such allegation and give the factual bases for the contention.

   ANSWER:

3. If you have ever been convicted of a felony or misdemeanor involving moral turpitude, please identify the nature of the conviction, the date of the conviction, and disposition of the punishment.

   ANSWER:

4. If a governmental agency investigated the incident, please state, whether you received a citation and the disposition of the citation; the substance of all statements made by you to the police; the name of the agency and the representative who responded to the scene.

   ANSWER:

5. If Defendant has ever had any conversation with the Plaintiff or overheard any words spoken by the Plaintiff, please state what such statements or words were, including their exact content (or as close to exact content as possible) to whom they were made, and identify the persons present when such remarks were made.

   ANSWER:

6. Do you intend to use evidence of a conviction of any party or witness in this case? If so, Plaintiff demands written notice pursuant to Texas Rule of Evidence 609.

   ANSWER:

7. Please identify each and every medication, drug, alcohol or potentially physically impairing substance of whatsoever nature, whether prescribed, over-the-counter or otherwise obtained, you had ingested/injected in the 48 hour period of time immediately preceding the subject incident and the amount.

   ANSWER:

4

8.   Have you ever filed or been a party to a lawsuit prior to or since the date of the alleged occurrence which is the subject matter of this lawsuit? If so, please state the nature of the suit, cause number, style and the name of the Court in which the lawsuit was pending and provide a brief explanation of the suit's disposition.

ANSWER:

9.   Please describe in as much detail as possible how the incident made the basis of this suit occurred and the identity of all persons involved and describe their actions.

ANSWER:

10.   If you contend that you were not negligent, please state the factual basis (not the opinions or mental impressions of counsel) for your contention.

ANSWER:

11.   Describe in detail where you had been 24 hours prior to the accident made the basis of this lawsuit and where you were going at the time the accident occurred.

ANSWER:

12.   If you were working at the time of the accident, identify your employer by name, address, and telephone number and describe what duties you were performing for your employer at the time of the occurrence forming the basis of this suit.

ANSWER:

13.   Identify all motor vehicle collisions in which you have been involved as a driver during the past ten (10) years and state for each such collision whether you were cited as being at fault and whether any claim or lawsuit was made against you.

ANSWER:

14.   If you contend that any person other than yourself or Plaintiff caused and/or contributed to the collision in question, please identify that person and state the facts (not the opinions or mental impressions of counsel) upon which you rely in contending same.

ANSWER:

15.   Do you claim any defect of parties including but not limited to such matters as set forth in Rule 93 of the Texas Rules of Civil Procedure.

ANSWER:

16. If you contend that any medical treatment received by the plaintiff following this accident was not reasonable or necessary, please identify the provider, date of service, service provided, and your basis that the treatment was not reasonable or necessary.

ANSWER:

17. Describe any information you have indicating that there was a defect or failure on the part of your vehicle at the time of the collision.

ANSWER:

18. Describe in detail what injuries, if any, you received in this collision along with any medical treatment you received for such injuries.

ANSWER:

19. Please state your wireless device provider, name of the account holder, and the wireless phone number.

ANSWER:

6

## REQUESTS FOR PRODUCTION TO DEFENDANT AUSTIN DEMENT

1.  Please produce a photocopy of both sides of your driver's license.

    RESPONSE:

2.  All documents relating or referring to other automobile accidents in which you were involved.

    RESPONSE:

3.  Please produce any information that identifies any other motor vehicles owned by Defendant or available for Defendant's regular and frequent use at the time of this accident.

    RESPONSE:

4.  All photographs relevant to this suit.

    RESPONSE:

5.  All videotapes relevant to this suit.  This request includes all surveillance videotapes.

    RESPONSE:

6.  All visual images relevant to this suit.

    RESPONSE:

7.  Please attach a copy of any and all photographs, charts, or diagrams of the scene of the accident made the basis of this suit or of the vehicles involved.

    RESPONSE:

8.  Please produce copies of any and all reports or other writings obtained from any insurance indexing system or insurance reporting system which may have information regarding any prior injury claims of the Plaintiff.

    RESPONSE:

9.  Please produce any and all documents identifying the owner of the vehicles involved in the accident that is subject to this lawsuit.

    RESPONSE:

10.     A copy or list of any indictments, police reports or convictions, which relate to you for the preceding ten (10) years.

        RESPONSE:

11.     A copy of the curriculum vitae of any consulting expert Defendant intends to utilize whose report or work product will be relied upon in whole or in part or reviewed by a testifying expert witness in this case.

        RESPONSE:

12.     Any and all treatises, periodicals, and pamphlets that you may offer or use in the trial of this case under Rule 803(18) of the Texas Rules of Evidence.

        RESPONSE:

13.     All documents and tangible things prepared by an expert used for consultation which were prepared in anticipation of this litigation or which forms a basis in whole or in part of the opinions of an expert who will be called as a witness at trial.

        RESPONSE:

14.     All documents which you will introduce at trial.

        RESPONSE:

15.     All public records, reports, statements or data computations which will be introduced by you pursuant to Rule 803 (8) of the Texas Rules of Evidence.

        RESPONSE:

16.     All documents, memoranda, statements and other extrinsic evidence which you intend to introduce at trial as self-authenticating under Rule 902 of the Texas Rules of Evidence:

        RESPONSE:

17.     Please produce true copies of any statement by the Plaintiff in the possession of this Defendant, its insurer or any person or entity related to this Defendant in any manner.

        RESPONSE:

18.     All reservation of rights agreements entered into between the Defendant or any other person and/or entity which affects in any way any rights of this answering Defendant and of any and all insurance companies insuring the Defendant.

        RESPONSE:

8

19.    Please provide true and correct copies of any and all indemnification, contribution, or settlement agreements or releases entered into by answering Defendant with any persons or entities, arising out of the facts which form the basis of this lawsuit.

RESPONSE:

20.    Please provide true and correct copies of any investigation conducted as a result of the occurrence made the basis of this lawsuit.

RESPONSE:

21.    Please produce a true and correct copy of any and all medical records, medical reports and/or medical bills in you and/or your attorney's possession which describes, relates to and/or pertains to medical treatment received by the Plaintiff at any time prior to, during, or subsequent to the incident made the basis of this lawsuit.

RESPONSE:

22.    Please produce true and correct copies of any and all prescriptions for any medications you were taking at the time of the collision made the basis of this lawsuit.

RESPONSE:

23.    Please produce true and correct copies of any and all pamphlets, books, memos, notes, letters or other documents in your possession which describe the side effects of any medication which you were taking at the time of the collision made the basis of this lawsuit.

RESPONSE:

24.    Please produce true and correct copies of any and all written warnings given to you by a doctor, nurse, medical provider, psychiatrist, psychologist or any of the above persons' agents or servants that pertain to a medication that you were taking on or about the date of the collision made the basis of this lawsuit.

RESPONSE:

25.    Please produce true and correct copies of any and all bills, medical records, receipts, notes, rolodex cards, calendars, business cards and any other documents that reflect the name and/or opinions of any optometrist seen by the Defendant within five years prior to the collision made the basis of this lawsuit.

RESPONSE:

26.   Please produce the cellular bill for the month in which the collision made the basis of this lawsuit occurred for each cellular phone you used during the month.

RESPONSE:

27.   Please produce a true and correct copy of any traffic ticket you received as a result of the collision made the basis of this lawsuit.

RESPONSE:

28.   Please produce a copy of any Order, Judgment or other document reflecting the disposition, plea and/or ruling on any traffic ticket you received arising from the collision made the basis of this lawsuit and/or your actions in said collision.

RESPONSE:

29.   Please produce any and all data, in whatever form, from any "black box" or other instrument used for collecting data from the vehicles involved in the accident.

RESPONSE:

30.   Please produce any and all maintenance and/or repair documents for the vehicle in question for services that were performed in the six months preceding the accident in question.

RESPONSE:

31.   Please produce any and all documents that reflect your driving record.

RESPONSE:

32.   Please produce true and correct copies of the results of any and all drug or alcohol tests taken any time after the accident in question.

RESPONSE:

33.   If you were injured in this accident, please produce all medical records concerning any treatment received by you as a result of said injuries.

RESPONSE:

34.   Produce the claim file(s) of your insurance company for this claim.

RESPONSE:

35.   Produce all investigative reports for this claim:

      RESPONSE:

36.   Produce any document that references any conversations involving the Plaintiff.

      RESPONSE:

37.   Please execute and produce the attached Authorization to Release Cellular and/or Messaging Records.

      RESPONSE:

## REQUESTS FOR ADMISSION TO DEFENDANT AUSTIN DEMENT

1. Admit that you have been properly named in the most recently filed Petition.

   RESPONSE:

2. Admit you received a citation resulting from the incident in question.

   RESPONSE:

3. Admit that you failed to see Plaintiff's vehicle until the collision occurred.

   RESPONSE:

4. Admit you paid for the citation you received as a result of the incident in question.

   RESPONSE:

5. Admit that you asked Plaintiff if he was hurt following the accident.

   RESPONSE:

6. Admit that venue is proper.

   RESPONSE:

7. Admit that this is a convenient forum.

   RESPONSE:

8. Admit you failed to control your speed immediately prior to the incident in question.

   RESPONSE:

9. Admit you failed to take proper evasive action prior to the incident in question.

   RESPONSE:

10. Admit that the Plaintiff was not negligent in causing the accident.

    RESPONSE:

11. Admit the investigating officer conducted an adequate investigation of the incident in question.

    RESPONSE:

12.     Admit you did not challenge the citation issued to you by the investigating officer.

        RESPONSE:

13.     Admit you were in the course and scope of your employment during the incident in question.

        RESPONSE:

14.     Admit you were negligent in causing the collision with Plaintiff.

        RESPONSE:

15.     Admit that the medical treatment received by the Plaintiff was reasonable and necessary.

        RESPONSE:

16.     Admit that you accepted responsibility for causing the accident.

        RESPONSE:

17.     Admit that you were operating an electronic device at the time of the accident.

        RESPONSE:

18.     Admit that you had consumed alcoholic beverages within the 24 hours preceding this accident.

        RESPONSE:

19.     Admit that you were taking prescription medicines on the date of the accident.

        RESPONSE:

20.     Admit that you complained of injuries at the scene.

        RESPONSE:

21.     Admit that Plaintiff complained of injuries at the scene.

        RESPONSE:

22.     Admit that you saw visible signs of Plaintiff's injuries at the scene.

13

RESPONSE:

23.    Admit that the statement attributed to you on the police report is accurate.

RESPONSE:

24.    Admit that your failure to control your speed was the result of driver inattention.

RESPONSE:

25.    Admit that your failure to take proper evasive action was the result of driver inattention.

RESPONSE:

26.    Admit that by driving defensively, you could have avoided causing this accident.

RESPONSE:

## REQUESTS FOR DISCLOSURE

Plaintiff in the above-styled and numbered cause and, pursuant to Rule 194 of the Texas Rules of Civil Procedure, requests that Defendant answer the following requests for disclosure separately and fully in writing. The answers to the requests shall be preceded by the request to which the answer pertains. The answers shall be returned to Plaintiff's attorney, John Daspit, 440 Louisiana St. Ste. 1400, Houston, Texas 77002. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2. With your response, please serve copies of all relevant documents and other tangible items. Specifically, please disclose:

(a)    The correct names of the parties to the lawsuit;

(b)    The name, address, and telephone number of any potential parties;

(c)    The legal theories and, in general, the factual basis of your claims or defenses;

(d)    The amount and any method of calculating economic damages;

(e)    The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)    For any testifying expert

   (1)    The expert's name, address, and telephone number;

   (2)    The subject matter on which the expert will testify;

   (3)    The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;

   (4)    If the expert is retained by you, employed by you, or otherwise subject to your control:

      (A)    All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared

15

by or for the expert in anticipation of the expert's testimony; and

    (B)    The expert's current resume and bibliography;

(g)    Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h)    Any discoverable settlement agreements described in Rule 192.3(g);

(i)    Any witness statements described in Rule 192.3(h);

(j)    All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)    The name, address, and telephone number of any person who may be designated as a responsible third party.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Chase Barker*
Chase Barker
Texas State Bar No. 24101484
John A. Daspit
Texas State Bar No. 24048906
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
E-mail: e-service@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**

16

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the above and foregoing instrument have been served on Defendant along with Plaintiff's Original Petition.

_/s/ Chase Barker_____
**CHASE BARKER**

CAUSE NO. _____

| | | |
|---|---|---|
| AUSTEN LACKEY | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | COMAL COUNTY, TEXAS |
| | § | |
| AUSTIN DEMENT AND | § | |
| CRST EXPEDITED, INC. | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANT CRST EXPEDITED, INC.

**TO:** *CRST Expedited, Inc., by and through its registered agent, National Corporate Research, Ltd., 1601 Elm St., Suite 4360, Dallas, Texas 75201.*

Plaintiff Austen Lackey, requests that Defendant answer the following discovery. This request is made pursuant to the Texas Rules of Civil Procedure. You must reply within fifty (50) days after your receipt of this request at the office of the undersigned attorney. Defendant must produce all documents which are in the possession, custody or control of Defendant. Such documents are to be produced as they are kept in the usual course of business, or Defendant shall organize and label such documents to correspond with the category of the Requests. The documents and things requested are attached hereto.

Please take NOTICE that Plaintiff intends to use all documents produced by Defendant in trial of this cause and therefore requests that Defendant assert any objection to the authenticity of any document Defendant produces within ten days of its production.

## <u>INSTRUCTIONS AND DEFINITIONS</u>

1.  When answering these requests, respondent is requested to refer to the attached instructions and definitions.

2.  All information responsive to these requests which is within your knowledge, possession or control or within the knowledge, possession or control of your attorneys, agents or other representatives, as well as information you can obtain upon reasonable inquiry is to be divulged. If there is a request for all information on a given subject and you do not know all information, provide such information to the extent of your knowledge.

3.  All responses must be made separately and fully. An incomplete or evasive response will be considered a failure to answer. Where necessary to give a broader scope to any of these requests, "and" includes "or" and vice versa, the past tense includes the present and vice versa, the singular includes the plural and vice versa, "any" includes "all" and vice versa, and "each" includes "every" and vice versa. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice-versa; the use of the masculine form of a pronoun shall also be considered to include within its meaning the feminine form of the pronoun so used, and vice-versa; and the use of any tense of any verb shall also be considered to include within its meaning all other tenses of the verb so used.

4.  Each request should be construed independently and not by reference to any other request herein for purposes of limitation, unless one request specifically refers to another request.

5.  The TEXAS RULES OF CIVIL PROCEDURE require you to supplement and amend your responses if you obtain information and as a consequence: (1) you know that a response to these requests was incorrect or incomplete when made, or (2) you know that a response, though correct and complete when made, is no longer true and complete.

6.  If you do not answer a request based on any claim of privilege, provide a statement for each such request setting forth the following information:

    (i)    A short statement identifying each privilege involving the basis therefore;

    (ii)   The facts upon which you relied to support the claim of privilege;

    (iii)  A description of all documents for which such privilege is claimed, including:

           a.    the type of document;
           b.    a brief statement of the document's general topic matter;
           c.    the date of the document;
           d.    author(s) and their title(s) and position(s); and
           e.    the identity of all persons to whom any contents of the documents have been disclosed.

2

> (iv)   A description of all conversations for which such privilege is claimed, including:
>
> a.   the date of the conversation;
> b.   a brief statement describing the <u>general</u> topic of the conversation;
> c.   the persons participating in the conversation; and
> d.   the identity of all persons to whom any portions of the contents of the conversation have been disclosed.

7.   As required by the TEXAS RULES OF CIVIL PROCEDURE, your failure to respond to these requests within the time required, or failure to supplement your responses may result in entry of a judgment against you, the assessment of attorney's fees against you or other sanctions of the Court.

8.   "Document" and "documents" is to be defined as synonymous in meaning and equal in scope to the usage of this term in the TEXAS RULES OF CIVIL PROCEDURE and shall be used in their broadest sense and shall mean and include all written, printed, typed, electronic, recorded or graphic material of every kind and description, both originals and copies and all attachments and appendices thereto. Without limiting the foregoing, the term "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, facsimiles, telexes, minutes, messages, memoranda, interoffice communication, e-mail, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bill or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.    The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced.    A DRAFT OR NON-IDENTICAL COPY IS A SEPARATE DOCUMENT WITHIN THE MEANING OF THIS TERM.

3

<u>Electronic Data Directive</u>:   Pursuant to the TEXAS RULES OF CIVIL PROCEDURE, all electronic data responsive to the requests below shall be provided via CD, DVD, or Floppy Disk in user readable format (.txt or similar file types), or as otherwise agreed in a supplemental writing by the parties.

9.    "Document" and "documents" shall mean and include all matter within the foregoing description that are in your possession, control or custody or in the possession, control or custody of any attorney for you or the existence of which you are aware and that you have access to or to which you can secure access.  Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

10.   "Communication" shall mean and include any transmission or exchange of information in the form of facts, ideas, inquiries, or otherwise, and shall include an exchange between two or more persons, whether orally or in writing, including without limitation any conversation or discussion face-to-face or by means of letter, note, memorandum, telephone, telegraph, telex, telecopier, cable, e-mail or some other electronic or other medium, and whether by chance or prearranged, formal or informal.

11.   "Referring" or "relating to" shall mean to concern, describe, explain, reference, contain or comment upon the subject matter referred to in the request and, in that regard, each request shall be interpreted broadly so as to promote the full disclosure of information.

12.   "Person" shall mean all natural persons and entities, including, without limitation, individuals, committees, agencies, commissions, firms, corporations, associations, partnerships, businesses, public agencies, departments, bureaus, boards, or any other form of public, private or legal entity, and all predecessors or successors in interest.

13.   "Identify" or "identification" shall mean:

  (a)    With respect to a **natural person,** to include, without limitation, full name, title, job description, present business and home addresses (last known if present addresses are unknown).  If there have been changes in title or job description during the time period covered by these interrogatories, all titles and job descriptions should be given, together with the period during which each one was held;

  (b)    With respect to a **communication,** to include, without limitation, the date, time and approximate duration of the communication, a statement describing the substance of the communication with particularity, the persons participating in the conversation, the persons directing the communication to take place, if any, and the identity of all persons to whom any portions of the contents of the communication have been disclosed.

4

(c)     With respect to a **business entity**, to include, without limitation, its name, date and place of formation, and all its business addresses; and

(d)     With respect to a **document**, to include, without limitation, title, type, date, the identity of each person either wholly or in part participating in the preparation or dissemination of, or who is referred to in, the document, addressee, recipients, any identifying numbers or marks upon the face of the document, subject matter or general nature, and the identity and location of each person who has possession, custody or control of the document or, if a document has been destroyed or is unavailable, the identity of each person who destroy the document or who last possessed or controlled the document.

(e)     When used with reference to an **act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication and/or tangible thing which constitutes the act, including the place, time and date of each such item; to identify each and every person participating in the act and to specify the items of behavior performed, information communicated, and/or tangible things provided, by each such person; and to identify each and every document and communication which constitutes or describes the behavior, communication, tangible thing, or any part thereof.

(f)     When used in reference to an **omission to act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication, and/or tangible thing which you contend should have been performed, communicated, and/or provided, and the place, time, and date each such performance or communication should have occurred, to identify each and every natural person who, by reason of knowledge or particular circumstances, you contend should have performed, communicated, and/or provided each item of omitted behavior, communication and/or tangible thing; and to identify each and every document or communication which you believe tends to establish that the omitted behavior, communication and/or tangible thing should have been performed, provided, or communicated.

(g)     When used in reference to a **lawsuit**, means, without limitation, to state for each criminal and/or civil action:  the case, including the cause number, court, and parties;  your status as either plaintiff, defendant, intervenor, impleader, interpleader, or third-party plaintiff or defendant;  the substance of the claim[s] and defense[s] asserted; and the ultimate disposition or resolution of the claim[s] and defense[s].

14.     "Petition" means Plaintiff's Original Petition in this case or any supplemental or amended Complaints subsequently filed in this lawsuit.

15.     "You," "Your," Defendants" or "Defendant" means each defendant sued in this case and each of your agents, representatives, employees, assigns, officers, directors, staff, affiliates, owned or controlled entities or agencies, and all other persons acting in concert with you or under your control, whether directly or indirectly, including any attorney.

Where the answers called for are different for any of the foregoing, state which portion of which answer applies to each.

16. "Accident" shall refer to the crash on or about March 2, 2017, which forms the basis of this lawsuit.

17. "Trip" shall refer to the transportation and/or movement of one load or cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel, empty or unloaded, from that destination point to the next point or location of loading, end of trip or new trip origin.

18. "Vehicle" shall refer to, unless otherwise defined in a specific Request herein, the over-the-road vehicular power unit being operated by Defendant at the time the accident occurred.

19. "Driver" shall refer to any person employed, contracted for or with, by Defendants, including persons known as co-drivers, independent contractors, owner operators or trip lessors and includes persons furnished to Defendants as drivers by any other person or organization who perform driving services for or on behalf of Defendants.

20. "Driver Qualification File" shall refer to those records specifically created and maintained by Defendants on any driver who performs services or work for on its behalf. This includes but is not limited to the file required under Texas Motor Carrier Safety Regulations of the U. S. Department of Transportation, Part 391.51.

21. "Driver Personnel File" shall refer to any and all files, records, communications or documents created by a driver, Defendants, or any other person or organization that contains documents directed to, received from or about a driver.

22. "Time worked records" shall refer to any and all documents created in reference to work performed by the driver during the prescribed time period requested and includes driver's record of duty status or driver's daily logs, time worked cards or other time worked records or summaries, Defendants' administrative driver's record of duty status or log audits and/or 70/60-hour log audits or summaries or, any otherwise described documents advising Defendants of the hours worked by the driver.

23. "Maintenance files and records" shall refer to those documents created and/or maintained by Defendants relative to the truck's inspection, repair and maintenance. This includes, but is not limited to, all driver's daily condition reports, all systematic and annual inspections, work or repair orders, list of add-ons and/or take-offs of equipment parts and accessories, accounting records, bills, or notes of repairs or maintenance and all summary type maintenance documents prepared by Defendants or other agencies or organizations, inclusive of any summary or computer generated type systematic lubrication, inspection, and maintenance records and documents in the possession of Defendants on the truck. This definition specifically includes any and all driver daily condition reports created by any driver and maintenance files and records maintained by and in the possession of any other person or organization performing maintenance services for or on behalf of the Defendants.

## INTERROGATORIES TO DEFENDANT CRST EXPEDITED, INC.

1.  With respect to the Company's hiring and retention and/or driver screening and selection policies, what types of violations will disqualify an individual from being hired or cause an existing driver to be terminated?  For any violations listed in response to this interrogatory, please identify the applicable time period the company utilizes when evaluating or checking on violations prior to hiring or for continuing to hire an existing driver.

    RESPONSE:

2.  Please list each company Defendant Driver worked for during the past ten (10) years. This information should be easily accessible as it is required to be produced under 49 C.F.R. § 391.21(b)(11).

    RESPONSE:

3.  If you are going to contend that the incident in question was caused by anything but your driver's actions or inactions, identify what other causes contributed to the incident in question and give the factual basis for them.

    RESPONSE:

4.  If you are going to somehow claim Plaintiff was contributorily negligent, give the factual basis for that contention.

    RESPONSE:

5.  Please list all moving violations received by Defendant Driver for the past thirty (30) months prior to the incident in question.

    RESPONSE:

6.  Describe the work Defendant Driver was doing when the incident in question occurred.

    RESPONSE:

7.  What was the resolution of any citation issued to Defendant Driver for the incident in question?

    RESPONSE:

8.  If you are going to contend that Defendant Driver was not in the course and scope of his employment at the time of the incident in question, please give the basis for that contention.

RESPONSE:

9.   Please list or describe all vehicular accidents involving Defendant Driver for the five (5) year period prior to the accident made the basis of this lawsuit. In your response, please identify any disciplinary action, counseling or other corrective action taken by or on behalf of this Defendant against Defendant Driver in response to any vehicular accident(s).

RESPONSE:

10.  Was Defendant Driver in compliance with his applicable Hours of Service for the eight days prior to the accident made the basis of this lawsuit? In your answer, please state which particular hours of service rules you contend apply to Defendant Driver and what his total hours of service were for the eight days prior to the accident made the basis of this lawsuit, including on duty, drive time, etc.

RESPONSE:

11.  If you contend that Defendant Driver is not or was not required to maintain a log book reflecting Hours of Service for the eight days prior to the accident made the basis of this lawsuit, please state the hours worked for each day, including driving time, distances and locations driven to and from.

RESPONSE:

## REQUESTS FOR PRODUCTION TO
## DEFENDANT CRST EXPEDITED, INC.

1.  Copy of postings and webpages from any social networking site including but not limited to Facebook, Twitter, Instagram, etc. for Defendant Driver from one month prior to the incident in question until six (6) months after the incident in question.

    RESPONSE:

2.  Copies of police reports for any vehicular collisions or incidents in which the Defendant Driver was involved.

    RESPONSE:

3.  Copy of the citation the Defendant Driver received in connection with the incident in question.

    RESPONSE:

4.  Documents detailing how the citation Defendant Driver received as a result of the incident in question was resolved.

    RESPONSE:

5.  If Defendant is going to contend that Defendant Driver was not in the course and scope of his employment at the time of the incident, provide documents to support such an assertion.

    RESPONSE:

6.  Produce copies of any estimates or invoices for any vehicular repairs you and/or any insurance company paid or incurred as a result of the accident.

    RESPONSE:

7.  Produce copies of all written instructions, orders or advice provided to Defendant Driver in reference to routes to travel, locations of destinations or the purpose(s) for which Defendant Driver was authorized to operate the vehicle issued by Defendant or any other persons or organizations for the trip during which the accident occurred.

    RESPONSE:

8.  Produce copies of all documents relating to any drug and/or alcohol testing of Driver.

    RESPONSE:

9

9. Produce copies of all warning notices, complaints, letters, e-mails, text messages and any other similar type documents, however named, relating to Driver.

RESPONSE:

10. Produce copies of all objects, photographs, drawings, reports, statements or otherwise described documents or objects in the possession of Defendant in reference to the accident as defined herein, "excluding only" those written documents, materials and objects that can be clearly identified as the work product of Defendant's attorneys. This specifically includes any and all reports and written or electronically recorded statements made by Defendant to any other person, organization or governmental entity.

RESPONSE:

11. Produce copies of any and all other accident and/or incident files and records maintained by Defendant in reference to any other vehicular accident, or incident, prior to the occurrence of the accident in question, wherein Driver, or his co-driver(s), or driver trainer, was the driver of a vehicle involved in the prior accidents or incidents.

RESPONSE:

12. Produce copies of each and every insurance policy and/or agreements which may be required to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse Defendant for payments made to satisfy such a judgment. This Request specifically refers to all coverage available to Defendant and/or thought or believed to be available and in force when this accident occurred indicating Defendant as a named insured or omnibus insured or any other type whether by application, binder, issuance of policy or extension of a grace period.

RESPONSE:

13. Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed and/or will utilize to aid testimony.

RESPONSE:

14. Produce copies of any document or other item an expert witness you may call to testify at trial of this case has reviewed or relied upon which relates to or in any way concerns the Plaintiff's damages or injuries suffered by Plaintiff.

RESPONSE:

15. Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed or relied upon in formulating his/her opinions that relates to or concerns this litigation in any way.

10

RESPONSE:

16. Produce copies of any statements given to Defendant by Plaintiff or statements given by and otherwise obtained by Defendant from Plaintiff.

RESPONSE:

17. Produce copies of any and all investigation and/or accident reports in Defendant's possession excluding documents which constitute communications between agents or representatives of Defendant that were made subsequent to the occurrence upon which this suit is based and in connection with or anticipation of the defense of claims made a part of the pending litigation.

RESPONSE:

18. Produce a copy of the curriculum vitae of each expert witness you may call to testify upon the trial of this case.

RESPONSE:

19. Produce all non-privileged documents, records and/or other writings that evidence an admission, in whole or in part, that the incident was caused by an act or omission or fault or negligence of any person or entity.

RESPONSE:

20. Produce any photographs or videotapes of Plaintiff.

RESPONSE:

21. Produce copies of any documents reflecting settlement agreements, deals, and/or understandings between Defendant and any other party concerning the lawsuit or the incident made the basis of this lawsuit.

RESPONSE:

22. Produce copies of any and all documents and/or reports, as well as all other tangible things, physical models, compilations of data and other material prepared by any expert whom you may call to testify, including the discoverable factual observations, tests, supporting data, calculations, photographs and opinions of such expert with regard to this case.

RESPONSE:

23. Produce copies of any and all documents and tangible items furnished to each expert you may call to testify at trial of this case.

11

RESPONSE:

24. Produce copies of any and all charts, plans, photographs, or other documents intended to be introduced into evidence on the issues of liability or damages.

RESPONSE:

25. Produce copies of any and all photographs, videotapes, movies, slides, etc., that in any way relate to the incident made the basis of this suit.

RESPONSE:

26. Produce copies of any and all indemnity agreements between any of the parties to this case.

RESPONSE:

27. Produce copies of any and all indemnity agreements between any party to this case and any non-party which is relevant to the incident or injuries made the basis of this suit.

RESPONSE:

28. Produce copies of any and all reports which have been obtained from any expert you may call to testify at trial of this case.

RESPONSE:

29. Produce copies of any and all work papers, notes, and other documents in the file of any expert witness who you may call to testify, or in the file of any expert witness whose opinions will be relied upon in whole or in part by an expert you may call to testify at the trial of this case.

RESPONSE:

30. Produce copies of any and all photographs Defendant has of the vehicles involved in this accident and any and all photographs of the scene.

RESPONSE:

31. Produce a copy of both sides of Driver's current driver's license(s).

RESPONSE:

32. Produce copies of any and all tickets or citations received by Defendant or Driver as a result of this incident.

RESPONSE:

33.     Produce copies of any and all records obtained by Defendant pertaining to Plaintiff.

RESPONSE:

34.     Produce all incident/investigation reports created by Defendant or a third party working for Defendant relating to this incident.

RESPONSE:

35.     Produce copies of all pre-hiring questionnaires and other documents secured from Driver prior to employment with Defendant.

RESPONSE:

36.     Produce copies of all applications for hire secured both before and/or after the actual date of contract or employment of Driver.

RESPONSE:

37.     Produce copies of all medical examinations, drug tests, and certification of medical examinations inclusive of expired and non-expired documents relative to Driver.

RESPONSE:

38.     Produce copies of all actual driver's tests administered to Driver.

RESPONSE:

39.     Produce all training notes, certificates and attendance lists relative to Driver, regardless of the date issued or the originator of such certificates.

RESPONSE:

40.     Produce copies of all past employment inquiries sent to and/or secured from former employers along with all responses received from former employers inclusive of all U.S. mail, personal contact or telephone inquiries and results directed to or received by Defendant from past employers of Driver.

RESPONSE:

41.     Produce copies of all inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to

and/or received by the Defendant, or other organizations on behalf of Defendant, from state or federal governmental agencies relative to Driver's traffic and accident record.

RESPONSE:

42. Produce copies of all road and/or written test cards, medical cards, certification of driver qualification cards and any other motor carrier transportation related cards in the possession of the Defendant regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other motor carriers to Driver or his co-driver(s) presently in their personal possession.

RESPONSE:

43. Produce copies of all documents relating to any drug and/or alcohol testing of Driver.

RESPONSE:

44. Produce copies of all hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents, however named, relating to Driver.

RESPONSE:

45. Produce a copy of Defendant's drug/alcohol policy and any other policy, however named, regulating the use of drugs (prescription and non-prescription), alcohol and/or other controlled substance that could impair driving ability.

RESPONSE:

46. Produce copies of any and all accident or incident files and records in Defendant's possession concerning any and all other vehicular accidents in which Defendant, its agents, employees, contractors or subcontractors have been involved and in which it was alleged that personal injury and/or death resulted. This request is limited to accidents which occurred during the course and scope of employment with Defendant or in furtherance of Defendant's interests.

RESPONSE:

## <u>REQUESTS FOR ADMISSIONS TO</u>
## <u>DEFENDANT CRST EXPEDITED, INC.</u>

1.    Admit that Defendant has been properly named in Plaintiff's most recently filed Petition.

RESPONSE:

2.    Admit that Defendant Driver has been properly named in Plaintiff's most recently filed Petition.

RESPONSE:

3.    Admit that venue is proper.

RESPONSE:

4.    Admit that personal jurisdiction exists over Defendant Driver.

RESPONSE:

5.    Admit that personal jurisdiction exists over Defendant.

RESPONSE:

6.    Admit that this is a convenient forum.

RESPONSE:

7.    Admit that Defendant trains drivers to handle distractions while operating a company vehicle.

RESPONSE:

8.    Admit that Defendant Driver was following Plaintiff's vehicle too closely immediately prior to the incident in question.

RESPONSE:

9.    Admit that Defendant Driver failed to control the subject vehicle's speed immediately prior to the incident in question.

RESPONSE:

10.    Admit that Defendant Driver failed to timely apply his brakes immediately prior to the incident in question.

RESPONSE:

11.    Admit that Defendant Driver was in the course and scope of his employment with Defendant during the incident in question.

RESPONSE:

12.    Admit that Defendant Driver was negligent in following Plaintiff's vehicle too closely prior to the incident in question.

15



RESPONSE:

13.   Admit that Defendant Driver was negligent in failing to control the subject vehicle's speed prior to the incident in question.

RESPONSE:

14.   Admit that Defendant Driver was negligent in failing to timely apply his brakes immediately prior to the incident in question.

RESPONSE:

15.   Admit that Defendant Driver was negligent in causing the collision with Plaintiff.

RESPONSE:

16

## REQUESTS FOR DISCLOSURE

Plaintiff in the above-styled and numbered cause and, pursuant to Rule 194 of the Texas Rules of Civil Procedure, requests that Defendant answer the following requests for disclosure separately and fully in writing. The answers to the requests shall be preceded by the request to which the answer pertains. The answers shall be returned to Plaintiff's attorney, John Daspit, 440 Louisiana St. Ste. 1400, Houston, Texas 77002. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2. With your response, please serve copies of all relevant documents and other tangible items. Specifically, please disclose:

(a)    The correct names of the parties to the lawsuit;

(b)    The name, address, and telephone number of any potential parties;

(c)    The legal theories and, in general, the factual basis of your claims or defenses;

(d)    The amount and any method of calculating economic damages;

(e)    The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)    For any testifying expert

(1)    The expert's name, address, and telephone number;

(2)    The subject matter on which the expert will testify;

(3)    The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;

(4)    If the expert is retained by you, employed by you, or otherwise subject to your control:

(A)    All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared

17

by or for the expert in anticipation of the expert's testimony; and

    (B)    The expert's current resume and bibliography;

(g)    Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h)    Any discoverable settlement agreements described in Rule 192.3(g);

(i)    Any witness statements described in Rule 192.3(h);

(j)    All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)    The name, address, and telephone number of any person who may be designated as a responsible third party.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Chase Barker*
Chase Barker
Texas State Bar No. 24101484
John A. Daspit
Texas State Bar No. 24048906
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
E-mail: e-service@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**



## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the above and foregoing instrument have been served on Defendant along with Plaintiff's Original Petition.

/s/ Chase Barker
**CHASE BARKER**

19