**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **AUSTEN LACKEY,** | § § | |
| *Plaintiff,* | § § | **SA-17-CV-00514-FB** |
| **vs.** | § § § | |
| **AUSTIN DEMENT,  CRST EXPEDITED, INC.,** | § § § § | |
| *Defendants.* | § § § | |

## ORDER ON MOTIONS TO EXCLUDE

Before the Court in the above-styled cause of action are the following four motions: Defendants' Austen Dement and CRST Expedited, Inc.'s Motion to Exclude Expert Testimony of Christine Vidouria, D.O., CLCP [#101]; Defendants' Motion to Strike Plaintiff's Designation of Unidentified Medical Providers and "Custodians of Records" as Expert Witnesses and Exclude Any Opinion Testimony From Same [#102]; Defendants' Motion to Strike Plaintiff's Designation of William Davenport, M.B.A. as an Expert and Motion to Exclude Testimony from Same [#103]; Defendants' Motion to Exclude Testimony of Dr. Henry Small as an Expert Witness or Limit His Opinion Testimony [#104]. The Court held a hearing on the motions on December 13, 2019, at which Plaintiff and Defendants appeared through counsel. After considering the motions, the responses on file [#112, #113, #118, #120], the arguments of counsel at the hearing, the record, and governing law, the Court issued an oral ruling, which it now memorializes with this written order.

## I. Background

This personal-injury action arises out of a motor-vehicle collision between a vehicle operated by Plaintiff Austin Lackey and a semi-trailer truck operated by Defendant Austin

Dement and owned by Defendant CRST Expedited, Inc. Plaintiff originally filed this action in state court, and Defendants removed the Original Petition based on diversity jurisdiction. The Original Petition remains the live pleading before the Court [#1-1] and alleges various theories of negligence under Texas law against Defendants. Plaintiff's Original Petition alleges bodily injuries related the accident, which include injuries to Plaintiff's lumbar spine for which he received surgery at AD Hospital East ("ADHE") performed by Dr. Henry Small.

By the motions currently before the Court, Defendants challenge various experts designated by Plaintiff: (1) Dr. Christine Vidouria, a board certified physiatrist and certified life care planner who authored a 92-page Life Care Plan on Plaintiff's future medical care and costs; (2) unidentified "records custodians" for various medical providers named in Plaintiff's expert designation; (3) Mr. William Davenport, an economic expert and financial analyst designated to testify on the present value assessment of the future value of Plaintiff's medical care; and (4) Dr. Small, a non-retained expert, a board-certified orthopedic surgeon, and Plaintiff's treating surgeon.

This is not the first pretrial dispute addressed by the undersigned. This case has been pending since June 2017; the original Scheduling Order expired in August of 2018. The undersigned returned this case to the Honorable Fred Biery for a trial date, but the parties agreed to engage in additional discovery and depositions, so a new scheduling order was issued and the case was returned to the undersigned for further pretrial management. Since then, the undersigned has issued several orders on discovery and expert disputes [#33, #52, #67, #94]. The case was reassigned to the docket of the Honorable Jason K. Pulliam in August 2019, and the undersigned set this matter for a status conference when the case was referred again by Judge Pulliam.

At the September status conference, the Court set a deadline to complete all outstanding depositions and ordered all motions to strike be filed by December 5, 2019 [#98] so that this case can finally be set for trial. Defendants subsequently filed the four motions addressed in this Order. The Court held its scheduled status conference on December 13, 2019 and addressed all four expert motions. The only matter remaining in this case is Defendants' Motion for Reconsideration of AD Hospital East, LLC's Motion to Quash and Motion for Protection and the Court's Order Concerning Same [#100]. The undersigned will issue a separate order on this motion, which is not yet ripe, and thereafter will return this case to the District Court for a trial setting.

## II. Legal Standard

In *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993), the Supreme Court held that trial judges must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. Subsequent to *Daubert*, Rule 702 of the Federal Rules of Evidence was amended to provide that a witness "qualified as an expert . . . may testify . . . in the form of an opinion . . . if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *See Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting Fed. R. Evid. 702). The Rule 702 and *Daubert* analysis applies to all proposed expert testimony, including nonscientific "technical analysis" and other "specialized knowledge." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

Under *Daubert*, expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable.

*See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). The overarching focus of a *Daubert* inquiry is the "validity and thus evidentiary relevance and reliability of the principles that underlie a proposed submission." *Watkins*, 121 F.3d at 989 (quoting *Daubert*, 509 U.S. at 594–96). Because the *Daubert* test focuses on the underlying theory upon which the opinion is based, the proponent of expert testimony need not prove the expert's testimony is correct, but rather that the testimony is reliable. *Moore*, 151 F.3d at 276. This determination of reliability includes a preliminary determination of "whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93.

*Daubert* sets forth four specific factors that the trial court should ordinarily apply when considering the reliability of scientific evidence: (1) whether the technique can or has been tested; (2) whether it has been subjected to peer review or publication; (3) whether there is a known or potential rate of error; and (4) whether the relevant scientific community generally accepts the technique. *Id.* This test of reliability, however, is "flexible," and these factors "neither necessarily nor exclusively apply to all experts or in every case." *Kumho Tire Co.*, 526 U.S. at 141. "Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Id.* at 142. "The proponent need not prove that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Moore*, 151 F.3d at 276.

Notwithstanding the testing of an expert's qualification, reliability, and admissibility, "the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702, Adv. Comm. Notes (2000). *Daubert* did not work a "seachange over federal evidence law," and "the

trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." *Id.* (quoting *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1078 (5th Cir. 1996)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

**III. Analysis**

**A.     Dr. Vidouria**

Defendants raise two arguments as to Dr. Vidiouria: (1) Plaintiff failed to timely and properly designate Dr. Vidouria because Plaintiff did not provide a list of her fee schedule, the cases she previously testified in, and a list of her publications prior to her deposition as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure; and (2) Dr. Vidouria's methodology in creating Plaintiff's Life Care Plan is unreliable.  Neither argument has merit.

The record establishes that Plaintiff provided Defendants with Dr. Vidouria's fee schedule and list of prior testimony before the deposition, and there is no list of publications to produce to Defendants.  Any procedural violation of Rule 26 is therefore harmless under the standards set forth in *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563–64 (5th Cir. 2004).  Plaintiff has also satisfied his burden to demonstrate by a preponderance of the evidence that Dr. Vidouria is qualified to testify as an expert in this case and her proposed testimony is sufficiently reliable under the standards set forth in Rule 702 and *Daubert*.  All of the issues raised by Defendants in their motion and at the hearing with respect to Dr. Vidouria's testimony are matters more appropriately handled through cross examination at trial.  This ruling is without prejudice to Defendants' reurging their objections at trial or in a motion in limine seeking to limit Dr. Vidouria's testimony.

5

**B.** **Unidentified Records Custodians**

Defendants ask the Court to strike Plaintiff's designation of unidentified "records custodians" on the basis that Plaintiff never provided a summary of facts or opinions for these experts under Rule 26. Defendants also argue that, insofar as Plaintiff intended to designate Dr. Rajiv Thakur MD as an expert, he is not qualified to testify on the reasonableness of Plaintiff's billed charges. The Court will also deny this motion. Plaintiff represented on the record that he does not intend to call any witness at trial other than those listed in his response to Defendants' motion [#112 at 1–2]. Accordingly, Defendants' objection to the designation of unidentified records custodians is moot. As to Dr. Thakur, he is the corporate representative that ADHE designated for a Rule 30(b)(6) deposition. Any issue with Dr. Thakur's trial testimony going beyond the scope of his knowledge, training, and experience can be handled at trial with a motion in limine or contemporaneous objection.

**C.** **Mr. Davenport**

Defendants ask the Court to strike Mr. Davenport as an expert because Plaintiff failed to provide a summary of the facts and opinions to which Mr. Davenport is expected to testify. The Court will dismiss this challenge as moot. Plaintiff's filed an Amended Designation of Expert Witnesses [#110] prior to the Court's status conference, removing Davenport from the list of expert witnesses. Plaintiff inadvertently included Davenport on his previous designation and never had any intention of calling him as a witness for trial. The parties do not dispute that this motion is moot.

**D.** **Dr. Small**

Plaintiff designated Dr. Small as a non-retained expert to testify on Plaintiff's medical condition and prognosis. This is the second *Daubert* motion filed challenging Dr. Small. The

undersigned previously held that Dr. Small was not properly designated as a non-retained expert and ordered his deposition reopened for failure to comply with disclosure requirements. At that time, the Court denied Defendants' *Daubert* challenge without prejudice to refiling after the completion of Dr. Small's reopened deposition. Defendants again challenge Dr. Small's qualifications and the reliability of his testimony.

The Court will deny the motion. Dr. Small is a board-certified orthopedic surgeon focusing on spinal surgery who has prior experience as a Chief of Staff at one of the largest hospitals in Houston, where he was the head of orthopedic surgery. Dr. Small, Plaintiff's treating surgeon, is qualified to testify on Plaintiff's medical condition and prognosis. Plaintiff has also established by a preponderance of the evidence that Dr. Small's testimony is reliable. As with Dr. Vidouria, the issues raised by Defendants are more appropriately addressed through a motion in limine and contemporaneous objections at trial. The Court's ruling on this motion is also without prejudice to raising such objections before the District Court.

**IT IS THEREFORE ORDERED** that Defendants' Austen Dement and CRST Expedited, Inc.'s Motion to Exclude Expert Testimony of Christine Vidouria, D.O., CLCP [#101] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Designation of Unidentified Medical Providers and "Custodians of Records" as Expert Witnesses and Exclude Any Opinion Testimony From Same [#102] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Designation of William Davenport, M.B.A. as an Expert and Motion to Exclude Testimony from Same [#103] is **DISMISSED AS MOOT**.

**IT IS FINALLY ORDERED** that Defendants' Motion to Exclude Testimony of Dr. Henry Small as an Expert Witness or Limit His Opinion Testimony [#104] is **DENIED**.

SIGNED this 16th day of December, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE