IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AUSTEN LACKEY, | § § § | |
| *Plaintiff,* | § § § | SA-17-CV-00514-FB |
| vs. | § § § | |
| AUSTIN DEMENT, CRST EXPEDITED, INC., | § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Defendants' Motion for Reconsideration of AD Hospital East, LLC's Motion to Quash and Motion for Protection and the Court's Order Concerning Same [#100]. By their motion, Defendants ask the Court to reconsider its July 18, 2019 Order granting Non-Party AD Hospital East, LLC's ("ADHE") Motion to Quash and for Protection [#94], in which the Court ordered that ADHE's corporate representative was not required to testify, nor was ADHE required to produce, certain contractually negotiated reimbursement rates requested by Defendants in discovery.

The Court will deny Defendants' motion for reconsideration. The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. Such motions are therefore generally analyzed under the standards for a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). A motion for reconsideration under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(b). Otherwise, the motion falls under Rule 60. Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time—and . . . no more

1

than a year after the entry of the judgment or order or the date of the proceeding."). Because Defendants filed their motion more than 28 days after the issuance of the challenged order, their motion is governed by Rule 60(b).

Rule 60(b) provides for relief from a final judgment under the following circumstances: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud, misrepresentation, or other misconduct of an adverse party; (iv) the judgment is void; (v) the judgment has been satisfied, released or discharged; or (vi) any other reason justifying relief from the operation of the judgment. *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986). This relief is "extraordinary," and Defendants bear the burden of demonstrating the exceptional circumstances warranting relief. *See Heirs of Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000). Defendants have failed to establish any basis for the reconsideration of the Court's previous order.

Defendants' motion to reconsider is primarily based on a new final rule issued by the Department of Health and Human Services ("HHS") on November 27, 2019, which they allege imposes duties upon hospitals to establish, update, and make public a list of their standard charges for various medical services. *See* 84 Fed. Reg. 65524-01, 2019 WL 6324858 (Nov. 27, 2019). This new rule might require that, at some future date, hospitals disclose standard charge information that hospitals currently keep confidential. But what might be required of hospitals in the future pursuant to a new rule does not alter the Court's analysis or conclusion in its earlier order. In addition to holding that Defendants had not proved the applicability of *North Cypress* or that the requested information was relevant, the Court also held that Defendants had not rebutted the hospitals' demonstration that this information is a trade secret. If the impetus for

this new HHS rule is that hospitals do not currently disclose this information, that would be consistent with the Court's conclusion that hospitals protect negotiated charge information and keep it secret. In any event, the rule does not constitute "newly discovered evidence," and Defendants have not demonstrated any other basis for reconsideration under Rule 60(b).

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration of AD Hospital East, LLC's Motion to Quash and Motion for Protection and the Court's Order Concerning Same [#100] is **DENIED**.

SIGNED this 9th day of January, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE