IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

AUSTEN LACKEY,                          §
                                        §
             *Plaintiff,*               §              SA-17-CV-00514-JKP
                                        §
vs.                                     §
                                        §
AUSTIN DEMENT, CRST EXPEDITED,          §
INC.,                                   §
                                        §
             *Defendants.*              §

## ORDER

Before the Court in the above-styled cause of action is Defendants' Motion to Allow Designation of Additional Expert Witness Dr. Purvi Patel, Marc Chapman, and Dr. Allen Deutsch [#139]. The motion was referred to the undersigned for disposition on January 16, 2020, after the undersigned returned this case to the District Court for a trial setting. By their motion, Defendants ask for leave to designate one or more experts on the issue of the reasonableness and necessity of Plaintiff's medical expenses and state that they would agree to produce any newly designated experts for additional depositions at the earliest possible date following the designation. For the reasons set forth below, the Court will deny the motion.

This case, a personal-injury action removed from state court, has been pending since June 2017; the original Scheduling Order expired in August of 2018. The undersigned returned this case to the District Court for a trial setting upon the expiration of the Original Scheduling Order. Additional pretrial issues arose; the case was re-referred to the undersigned for further proceedings; and the undersigned issued a new Scheduling Order with discovery expiring on October 15, 2018. Since then, numerous discovery and expert disputes have arisen, and in order to resolve these issues the Court again extended the discovery deadline, declaring all discovery

1

closed as of March 15, 2019 with the exception of an ordered records custodian deposition and previously noticed Rule 30(b)(6) deposition.

The case was then reassigned to the docket of the Honorable Jason K. Pulliam in August 2019, and the undersigned set this matter for a status conference when the case was referred to the undersigned by Judge Pulliam. At the September 2019 status conference, the Court set a deadline to complete all outstanding depositions and ordered all motions to strike be filed by December 5, 2019 [#98] so that this case could finally be set for trial. Defendants subsequently filed four *Daubert* motions, all of which were denied or dismissed as moot, and a motion for reconsideration, which the Court denied. All told, the undersigned has issued six substantive orders on discovery and expert issues in this case [#33, #52, #67, #94, #123, #137] and has held seven pretrial conferences and hearings [#38, #47, #53, #66, #88, #97, #122]. Now, almost one year after the close of the third discovery deadline imposed in this case, Defendants ask the Court to designate additional experts and permit additional depositions.

There is no good cause for reopening discovery and further delaying trial. Defendants already asked the Court for additional time to designate an expert in January 2019, similarly arguing that Defendants needed additional experts to address Plaintiff's medical bills and the reasonableness of such costs. The Court denied the motion, concluding that Defendants had notice that they might need to designate an additional expert in April 2018, when Plaintiff mailed Defendants a demand letter with attached medical bills, including a bill for $149,104.68 from AD Hospital East for Plaintiff's July 2017 spinal surgery. (Med. Records. [#144-1 at 60–61.) As the Court stated at the February 2019 hearing, Defendants could have designated an additional expert until October 1, 2018 in full compliance with the amended Scheduling Order without seeking leave of Court but failed to do so. Defendants' argument that it did not know

the amount of Plaintiff's past medical expenses is simply unpersuasive on the record before the Court.

Moreover, as to any additional medical bills incurred since that time, Defendants have long been aware that Plaintiff is receiving ongoing medical treatment for the injuries underlying this lawsuit. Plaintiff timely disclosed a life care plan addressing his future medical costs along with his amended expert designations on August 1, 2018 [#23]. Defendants had the opportunity to designate their own life care planner as an expert and did so on July 31, 2018 [#22]. Defendants could have but did not designate any additional experts within the expert designation deadline. The parties will both be limited at trial to the evidence that was timely disclosed during discovery and under the Court's various Scheduling Orders. Defendants have not established good cause for designating additional experts and reopening discovery at this juncture.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Allow Designation of Additional Expert Witness Dr. Purvi Patel, Marc Chapman, and Dr. Allen Deutsch [#139] is **DENIED**.

SIGNED this 21st day of February, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE